UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
TIMOTHY P. COFFEY,

                        Plaintiff,

-against-

GURU SWITZOOR a/k/a GURU PRAKASH
RAJA, SHOBANA JANAHARAJA, and SRI
CONSTRUCTION, LLC,

                        Defendants.
-----------------------------------------------------------X

Docket No.: 2:23-cv-00682

**COMPLAINT**

The Plaintiff, Timothy P. Coffey, by and through his attorneys The Dweck Law Firm, LLP, as and for his Complaint against the Defendants, Guru Switzoor a/k/a Guru Prakash Raja, Shobana Janaharaja, and SRI Construction, LLC, respectfully alleges to this Court as follows:

## THE PARTIES

1. At all times hereinafter mentioned, Timothy P. Coffey (the "Plaintiff", "Judgment Creditor" or "Coffey") is a citizen of the State of New York.

2. Upon information and belief, and at all times hereinafter mentioned, Guru Switzoor a/k/a Guru Prakash Raja (the "Informational Defendant Switzoor", the "Judgment Debtor" or "Switzoor") is a citizen of the State of New Jersey and is an interested party to this action.

3. Upon information and belief, and at all times hereinafter mentioned, Shobana Janaharaja (the "Informational Defendant Janaharaja", the "Judgment Debtor" or "Janaharaja") is a citizen of the State of New Jersey and is an interested party to this action.

4. Upon information and belief, and at all times hereinafter mentioned, SRI Construction, LLC ("SRI" or the "Defendant's company") is a limited liability company with its sole interest unit owner being the Defendant Switzoor who is a citizen of and resides in the State of New Jersey.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is proper pursuant to 28 U.S.C. §1332 because the Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. Venue in this district is proper pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims asserted by the Plaintiff occurred within this district.

## NATURE OF THE ACTION

7. The Plaintiff brings this action to enforce a New York State Judgment dated August 24, 2020 for the sum of $1,575,464.75 and a United States Bankruptcy Court Order dated April 20, 2022 directing the payment of sanctions in the sum of $13,238.91, both of which remain unsatisfied as of the date of the commencement of this action.

## FACTS GIVING RISE TO THIS ACTION

8. On October 29, 2014, the Defendant-Judgment Debtors Switzoor and Janaharaja executed two Promissory Notes for the total amount of $800,000.00 in connection with their purchase of an investment property located at and known as and by street number 2 China Lane, Village of Poquot, East Setauket, New York.

9. The Defendant-Judgment Debtors defaulted in or around October 2016, after which an action was commenced in the Supreme Court of the State of New York, County of Suffolk wherein the Honorable William G. Ford, Justice of the Supreme Court of the State of New York, County of Suffolk, awarded judgment against the Defendant-Judgment Debtors dated August 24, 2020 in the amount of $1,575,464.75 plus interest thereon. A copy of the August 24, 2020 Judgment is annexed as Exhibit 1.

10. Shortly thereafter, the Plaintiff elected to execute on the Defendant-Judgment Debtors' investment property located at 2 China Lane, Village of Poquot, East Setauket, New York and petitioned the Supreme Court of the State of New York, County of Suffolk for an Order pursuant to Section 5206(a) of the Civil Practice Law and Rules of New York ("CPLR") which directed the Sheriff of Suffolk County to sell the property at public auction.

11. On March 16, 2021, the Honorable Justice Ford granted the Petition and ordered the Sheriff of Suffolk County to sell the subject real property and apply the purchase price in reduction of the August 24, 2020 Judgment. A copy of the March 16, 2021 Order is annexed as Exhibit 2.

12. Upon the first scheduled date of the Sheriff's Sale, and in an attempt to thwart the sale, Switzoor illegally filed a petition for bankruptcy on September 17, 2021 pursuant to Chapter 13 of the Bankruptcy Law in the United States Bankruptcy Court for the Eastern District of New York.

13. Chief Judge Alan S. Trust of the United States Bankruptcy Court promptly dismissed Switzoor's Petition as improperly filed in an Order dated November 30, 2021. A copy of the November 30, 2021 Order is annexed as Exhibit 3.

14. Upon the second scheduled Sheriff's Sale and in a second attempt to thwart the sale, Switzoor again illegally filed for bankruptcy on February 18, 2022 under Chapter 13 in the United States Bankruptcy Court for the Eastern District of New York.

15. Switzoor was described by the Bankruptcy Judge as a "serial filer" who engaged in bad-faith conduct which resulted in Chief United States Bankruptcy Judge Alan S. Trust again dismissing the second Chapter 13 case with prejudice, and also awarding and directing the payment of sanctions against Switzoor in the amount of $13,238.91 for what Chief Judge Trust described

in detail as "(ii) the Debtor [filing] the chapter 13 petition in this case for the improper purpose solely to delay [Coffey's] exercise of remedies against [his] collateral, and without an intent to legitimately pursue prosecution of the chapter 13 case; and (iii) these improper purposes are evidenced by the timing, sequencing and manner of the Debtor's multiple chapter 13 filings and extensive state court litigation with [Coffey] . . . and the Court having determined that the basis of the sanctions imposed herein is both to deter the Debtor and others similarly situated from further improper filings and to compensate [Coffey] for having to respond to the Debtor's bad faith conduct". A copy of the second Order of Dismissal and the Order directing the payment of the sanctions is annexed hereto as Exhibits 4 and 5, respectively.

16. The Sheriff's Sale finally took place on May 24, 2022 wherein the Judgment Creditor was the successful high bidder for the property at auction with the high-bid of $600,000.00 being credited to the Judgment Debtors in a partial reduction of the August 24, 2020 Judgment.

17. Despite the sale of the subject property and the service of a Notice to Quit pursuant to the New York State Real Property Actions and Proceedings Law ("RPAPL"), the Judgment Debtors illegally remained in possession of the Plaintiff's property at 2 China Lane, East Setauket, New York, which resulted in the Plaintiff Coffey being forced to commence an eviction proceeding in the Suffolk County District Court, Tenth District.

18. The Judgment Debtors remained in possession of the property until August 24, 2022 and, during that period, filled the basement with empty liquor bottles, piled garbage into the middle of the living room, drained and destroyed the underground pool and filled it with debris and garbage, trashed the remaining furniture and sofas, and set fire to the gazebo located on the property, among a series of other destructive acts.

19. In a separate Order dated October 12, 2022, based upon Coffey's application to adjudge Switzoor as and for a contempt of court for his repeated and intentional failures to appear for a post-judgment deposition pursuant to a Subpoena *duces tecum*, the Honorable Justice Vincent J. Martorana ordered Switzoor to appear before the Judgment Creditor's attorneys for supplementary proceedings to be deposed and to produce all documentation and information demanded in the Subpoena *duces tecum*.

20. Switzoor finally appeared at the offices of the Judgment Creditor's attorneys but did not produce any of the demanded documentation outside of select tax returns in further defiance and disobedience of the Subpoena and the October 12, 2022 Order.

21. At the deposition, Switzoor's counsel Mr. Avish Dhaniram approached the Judgment Creditor's attorneys with the intent of proposing a settlement in full satisfaction of the Judgments and, in the hopes of such a settlement, the Judgment Creditor's attorneys provided Mr. Dhaniram with specific demands.

22. Mr. Dhaniram and Switzoor expressed their approval of said terms and requested the Judgment Creditor's counsel to draft a stipulation of settlement on an immediate basis. A true copy of the Proposed Stipulation of Settlement is annexed as Exhibit 6.

23. The Judgment Creditor's counsel not only immediately drafted and forwarded a Stipulation of Settlement, but also adjourned the hearing on damages in the related eviction proceeding, which had originally been scheduled for October 2022, in reliance on the Stipulation of Settlement being signed.

24. As of the date of the filing of this Complaint, neither of the Judgment Debtors have communicated with the Plaintiff's attorneys concerning this matter despite regular phone calls and emails attempting to receive an update from their counsel.

25. Pursuant to the applicable provisions of Article 52 judgment enforcement procedures of the New York Civil Practice Law and Rules ("CPLR") and Rule 69 of the Federal Rules of Civil Procedure ("FRCP"), the Plaintiff brings this present action against the Defendants for a turnover of the Judgment Debtors' interest in the Defendant SRI Construction, LLC.

### COUNT I

26. The Plaintiff repeats and realleges each and every allegation contained in paragraphs of this Complaint numbered 1 through 25, inclusive, as set forth at length herein.

27. Upon information and belief, and at all times hereinafter mentioned, the Defendant Guru Switzoor is, and has been, the sole owner and/or interest holder of the interest units of SRI, which represent an equity interest of one hundred (100%) percent of SRI Construction, LLC as of the date of the commencement of the instant proceeding.

28. During the pre-judgment and post-judgment discovery, it became known that Switzoor was, and upon information and belief still is, the owner of all of the interest units of SRI.

29. Switzoor, his wife, Shobana, and SRI have been served with Restraining Notices pursuant to CPLR 5222, which prohibits and forbids them, as judgment debtors, or any recipient, to make or suffer any sale, assignment, transfer of, or interference with, any property in which he or she has an interest until the judgment is satisfied or vacated.

30. During pre-judgment and post-judgment discovery, it also became known that Switzoor and SRI were one in the same as Switzoor was and is using the company as a subterfuge to pay his personal expenses including, but not limited to, personal debts, college tuitions, grocery bills, and tennis club dues, all with funds of SRI.

31. Switzoor's membership interest in SRI is intangible property that is subject to attachment, levy, and assignment, in whole or in part, pursuant to Article 52 of the CPLR and New York State Limited Liability Company Law § 603.

32. By virtue of the rights of the Plaintiff to have his judgment satisfied out of the attachable interest units in SRI as property of the Judgment Debtor, the fact that Switzoor and SRI are one in the same, and by virtue of the restraining notices heretofore served upon said Defendants, this Court should grant and award judgment to the Plaintiff to compel the immediate turnover of all equity interest held by Guru Switzoor in his company SRI, including but not limited to the interest units held by Switzoor in SRI, any accounts receivable of SRI, any documentation showing unpaid future accounts receivable of SRI, and any bank accounts in which Switzoor is a beneficiary or signatory whether for himself, SRI, or any other entity in which he has an interest or ownership, in partial satisfaction of the judgment held by the Plaintiff, together with such other and further relief as to this Court may deem just and proper, together with the costs of this proceeding.

## COUNT II

33. The Plaintiff repeats and realleges each and every allegation contained in paragraphs of this Complaint numbered 1 through 32 inclusive, as though the same were set forth at length herein.

34. Pursuant to the Judgment awarded against the Judgment Debtors Switzoor and Janaharaja dated August 24, 2020, the Judgment Debtors owe the Plaintiff the sum of $1,554,745.00 inclusive of interest computed on said Judgment to December 8, 2022 under the terms of the approved Stipulation (Exhibit 6).

35. Pursuant to the Order awarding and directing the payment of sanctions against the Judgment Debtor Switzoor dated April 20, 2022, Switzoor owes the Plaintiff the additional sum of $13,238.91 plus interest for his bad-faith and frivolous conduct.

36. More than thirty (30) days have elapsed since the entry of the Judgment and Order and neither of the Judgment Debtors have paid any part of the Judgment or Order.

37. By virtue of the State Court Judgment and the Bankruptcy Judgment held by the Plaintiff against the Judgment Debtors, this Court should issue an Order which directs the Defendants Switzoor and Janaharaja to immediately pay to the Plaintiff the total sum due and owing to the Plaintiff.

38. No prior application for the requested relief has been made.

**WHEREFORE,** the Plaintiff Timothy P. Coffey seeks a judgment against the Defendants Guru Switzoor a/k/a Guru Prakash Raja, Shobana Janaharaja, and SRI Construction, LLC ordering:

(a) the assignment in whole of the equity interest held by Guru Switzoor a/k/a Guru Prakash Raja in SRI Construction, LLC, including the interest units held by Guru Switzoor in SRI, any accounts receivable, any documentation showing future accounts receivable, and any bank accounts, in partial satisfaction of the August 24, 2020 Judgment held by the Plaintiff; and

(b) the Defendant Guru Switzoor a/k/a Guru Prakash Raja to pay the total sum of the April 20, 2022 Bankruptcy Order of $13,238.91 and the August 24, 2020 Judgment in the sum of $1,554,745.00 forthwith, together with such other and further relief as to this Court may deem just and proper, along with the costs of this proceeding.

Dated: New York, New York
January 27, 2023

**THE DWECK LAW FIRM, LLP**
*Attorneys for the Plaintiff*

By: _____
Jack S. Dweck (0659)
Rourke T. Feinberg (1746)
1 Rockefeller Plaza, Suite 1712
New York, New York 10020
T: (212) 687-8200
E: jsd@dwecklaw.com
E: rourkefeinberg@dwecklaw.com

TO:   Guru Switzoor a/k/a Guru Prakash Raja,
Individually and as owner of SRI Construction, LLC,
and Shobana Janaharaja
16 Marion Street
Edison, New Jersey 08820

9