UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TIMOTHY P. COFFEY,

                           Plaintiff,                        **REPORT AND**
                                                         **RECOMMENDATION**
         -against-                                CV 23-0682 (GRB)(AYS)

GURU SWITZOOR a/k/a GURU PRAKASH
RAJA, SHOBANA JANHARAJA, and SRI
CONSTRUCTION, LLC,

                           Defendants.
------------------------------------------------------------------X
**ANNE Y. SHIELDS, United States Magistrate Judge:**

       Before the Court, on referral from the Honorable Gary Brown, is Plaintiff's motion for

default judgment and Defendants' cross-motion to vacate the Clerk's entry of default entered

against them in this action. Both motions are brought pursuant to Federal Rule of Civil Procedure

55. For the following reasons, this Court respectfully recommends that Plaintiff's motion for

default judgment be denied and that Defendants' cross-motion to vacate the Clerk's entry of

default be granted.

<u>BACKGROUND</u>

       Plaintiff, Timothy P. Coffey ("Coffey" or "Plaintiff"), commenced this diversity action

against Defendants, Guru Switzoor a/k/a Guru Prakesh Raja ("Switzoor"), Shobana Janaharaja

("Janaharaja"), and SRI Construction, LLC ("SRI") (collectively, "Defendants"), on January 31,

2023, seeking to enforce a New York State Judgment dated August 24, 2020 for the sum of

$1,575,464.75 (the "Judgment") and a United States Bankruptcy Court Order dated April 20,

2022 (the "Bankruptcy Order"), directing the payment of sanctions in the amount of $13,238.91.

(Compl. ¶ 7.) To date, both the Judgment and the Bankruptcy Order remain unsatisfied. (<u>Id.</u> ¶ 7.)

On October 29, 2014, Switzoor and Janaharaja executed two promissory notes (the "Notes") for the total amount of $800,000.00 in connection with their purchase of an investment property located at 2 China Lane, in East Setauket, New York (the "Property"). (Id. ¶ 8.) In or around October 2016, Switzoor and Janaharaja defaulted on the Notes, after which an action was commenced in New York Supreme Court, Suffolk County. (Id.) Judgement was awarded in favor of Plaintiff and against Switzoor and Janaharaja on August 24, 2020, in the amount of $1,575,464.75, plus interest. (Id. and Ex. 1, annexed thereto.)

Plaintiff thereafter petitioned the New York Supreme Court for an Order pursuant to Section 5206(a) of the New York Civil Practice Law and Rules ("CPLR"), directing the Suffolk County Sheriff to sell the Property at public auction. (Compl. ¶ 10.) Plaintiff's petition was granted on March 16, 2021, and the Sheriff was ordered to sell the Property and to apply the purchase price in reduction of the Judgment. (Id. ¶ 11 and Ex. 2, annexed thereto.)

Upon the first scheduled date of the Sheriff's sale of the Property, Switzoor filed a petition for bankruptcy in the United States Bankruptcy Court for the Eastern District of New York, pursuant to Chapter 13 of the Bankruptcy Law. (Compl. ¶ 12.) The Bankruptcy Court dismissed Switzoor's bankruptcy petition as improperly filed by Order dated November 30, 2021. (Id. ¶ 13 and Ex. 3, annexed thereto.)

On February 18, 2022 – the second scheduled date of the Sheriff's sale of the Property – Switzoor again filed for bankruptcy, pursuant to Chapter 13. (Compl. ¶ 14.) The Bankruptcy Court again dismissed Switzoor's bankruptcy petition, with prejudice, and directed the payment of sanctions against Switzoor in the amount of $13,238.91. (Id. ¶ 15 and Exs. 4 and 5, annexed thereto.)

The Property was sold at public auction on May 24, 2022, wherein Plaintiff purchased the

Property for $600,000.00, which was credited to Switzoor and Janaharaja in partial reduction of the Judgment. (Compl. ¶ 16.) Despite the sale of the Property, as well as the service of a Notice to Quit, pursuant to the New York State Real Property Actions and Proceedings Law ("RPAPL"), Switzoor and Janaharaja remained in possession of the Property. (Id. ¶ 17.) Plaintiff thereafter commenced an eviction proceeding against Switzoor and Janaharaja in Suffolk County District Court, Tenth District. (Id.) Switzoor and Janaharaja remained in possession of the Property until August 24, 2022, during which time they filled the basement with empty liquor bottles, piled garbage into the middle of the living room, drained and destroyed the in-ground swimming pool, filling it with debris and garbage, destroyed the remaining furniture and sofas, and set fire to the gazebo located on the Property. (Id. ¶ 18.)

Plaintiff petitioned the New York Supreme Court for an order finding Switzoor in contempt of court for his repeated failure to appear for a post-judgment deposition, pursuant to a subpoena duces tecum. (Id. ¶ 19.) On October 12, 2022, the Supreme Court granted Plaintiff's application and ordered Switzoor to appear before Plaintiff's attorneys to be deposed and to produce all documents and information demanded in the subpoena. (Id.) While Switzoor appeared for the deposition, he did not produce any of the requested documents other than select tax returns. (Id. ¶ 20.)

Plaintiff brings the within action pursuant to Federal Rule of Civil Procedure 69 and Article 52 of the CPLR, seeking a turnover of Switzoor's and Janaharaja's interests in Defendant SRI. (Id. ¶ 25.) Switzoor is the sole owner and/or interest holder of the interest units of SRI. (Id. ¶ 27.) Janaharaja is Switzoor's wife. (Id. ¶ 29.) All Defendants were served with restraining notices, pursuant to CPLR 5222, prohibiting them from selling, assigning, or transferring any property in which they have an interest until the Judgment is satisfied. (Id.) Plaintiff alleges that

Switzoor and SRI are one and the same and that Switzoor is using SRI to pay his personal expenses. (Id. ¶ 30.)

As stated above, Plaintiff commenced the within action on January 31, 2023. That same day, Plaintiff filed a motion for an order to show cause, seeking a temporary restraining order ("TRO"). (Docket Entry ("DE") [5].) Defendants responded to Plaintiff's order to show cause on February 2, 2023, (DE [9], and a pre-motion conference was held before the District Court that same day. (DE [10].) Counsel for Plaintiff appeared in person at the conference, while Switzoor and Janaharaja, representing themselves, appeared by telephone from India. (DE [10], [11].) After hearing argument from both sides, the District Court denied Plaintiff's request for a TRO. (DE [10], [11].)

On March 14, 2023, Plaintiff requested that the Clerk of the Court issue a certificate of default for all Defendants, since they had not filed an answer or otherwise formally appeared in the action. (DE [12].) That application was granted, and the Clerk of the Court entered a notation of default as to all Defendants. (DE [13].)

On March 15, 2023, Plaintiff filed the within motion for default judgment. (DE [14].) On March 21, 2023, Defendants – now represented by counsel – filed an Answer, as well as a pre-motion conference request in anticipation of making a motion to dismiss. (DE [15], [16].) That same day, and in response to Plaintiff's motion, Defendants also moved to vacate the Clerk's notation of default entered on March 14, 2023. (DE [18].) Both motions, as well as Defendants' pre-motion conference request have been referred to this Court for report and recommendation.

DISCUSSION

I.    Legal Standard

Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once a notation of default is entered by the Clerk, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). This is a more lenient standard than that required to set aside a default judgment under Rule 60(b). See Meehan v. Snow, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b).").

Courts consider three factors in determining whether good cause exists to vacate a clerk's entry of default: (1) the willfulness of the default; (2) the existence of any meritorious defenses; and, (3) prejudice to the non-defaulting party. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993). The foregoing factors are 'to be weighed and balanced" with no one factor being determinative. Staples, Inc. v. W.J.R. Assocs., No. 04-cv-0904, 2005 WL 820496, at *3 (E.D.N.Y. Apr. 7, 2005) (citations omitted). The defaulting party bears the burden of demonstrating that vacatur is warranted. See In re Martin-Trigona, 763 F.2d 503, 505 n.2 (2d Cir. 1985).

A motion to vacate a notation of default is "left to the sound discretion of the district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Enron Oil Corp., 10 F.3d at 95. However, it is well-established that default judgments are "generally disfavored" in the Second Circuit, where the preference is for "resolving disputes on the merits." Id. at 95-96. Accordingly,

"the 'good cause' standard of Rule 55(c) 'should be construed generously' and, 'when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party.'" SEC v. Patel, No. 21-cv-994, 2022 WL 2704099, at *4 (D. Conn. July 12, 2022) (citing Enron Oil Corp., 10 F.3d at 96).

A. Willfulness

A finding of willfulness requires "evidence of bad faith" or the presence of "egregious or deliberate conduct." American Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir. 1996). Willfulness "refer[s] to conduct that is more than merely negligent or careless, but is instead egregious and . . . not satisfactorily explained." Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC, 779 F.3d 182, 186 (2d Cir. 2015) (quoting SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998)).

Here, Defendants assert that the failure to appear herein was not intentional but rather a combination of being out of the country at the time this action was commenced and illness on Janaharaja's part upon their return to the United States. (Switzoor Aff. in Opp'n to Mot. for Default J. ¶ 3.) As demonstrated by the docket sheet, this action was commenced by the filing of a Complaint and an order to show cause on January 31, 2023. (DE [1], [5].) Despite being in India at that time, Defendants filed a response to the order to show cause on February 2, 2023, (DE [9]), and appeared telephonically for the motion hearing held before the District Court that same day. (DE [10], [11].) While Defendants failed to timely file their Answer to Plaintiff's Complaint, this Court finds that Defendants attempted to "otherwise defend" this action within the meaning of Rule 55 by opposing the order to show cause and appearing for the motion hearing.

Based on the foregoing, this Court finds that Defendants' conduct does not suggest a bad faith motive for their failure to answer the Complaint, but rather an "intention and attempt to defend against this action." Oscilloscope Pictures, Inc. v. Monbo, No. 17-cv-4758, 2019 WL 2435644, at *7 (E.D.N.Y. Mar. 25, 2019). Upon being served with Plaintiff's motion for default judgment on March 15, 2023, Defendants engaged counsel and filed their Answer on March 21, 2023, approximately one month after it was due under the Federal Rules. Defendants also filed their motion to vacate the Clerk's entry of default only seven days after their default was noted. The Court finds that Defendants' behavior fails to rise to the level of deliberate or egregious conduct necessary to establish willfulness. As such, this factor weighs in favor of granting Defendants' motion to vacate the Clerk's entry of default.

  B. <u>Meritorious Defense</u>

  The existence of a meritorious defense "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." <u>Enron Oil Corp.</u>, 10 F.3d at 98 (citation omitted). Courts in this circuit routinely recognize that the defendant's "allegations are meritorious if they contain 'even a hint of a suggestion' which, if proven at trial, would constitute a complete defense." <u>Sea Hope Navigation Inc. v. Novel Commodities SA</u>, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013) (quoting <u>Weisel v. Pischel</u>, 197 F.R.D. 231, 239 (E.D.N.Y. 2000)).

Defendants assert that they have a meritorious defense in that this is at least the third action Plaintiff has filed against Defendants, seeking to reach the assets of Defendant Sri Construction. Defendants have successfully defended the two prior state court actions. (Switzoor Aff. ¶¶ 5-12 and Exs. A-B, annexed thereto.) While Plaintiff argues that the relief sought herein is different from that sought in the prior actions, the Court is persuaded that Defendants have the

possibility of a meritorious defense in this action. "'The defense need not be ultimately persuasive at this stage,' it need only be enough 'to give the fact finder some determination to make.'" CFTC v. Musorofiti, No. 05-cv-3917, 2007 WL 2089388, at *5 (E.D.N.Y. July 17, 2007) (quoting Am. Alliance Ins. Co., 92 F.3d at 61). Defendants have satisfied this burden. Accordingly, this factor also weighs in favor of granting Defendants' motion to vacate the Clerk's entry of default.

C.    Prejudice

When considering this factor, courts look to "the effect of the delay caused by the defendant's default, such as thwarting plaintiff's recovery or remedy . . . resulting in the loss of evidence, creating increased difficulties or discovery, or providing greater opportunity for fraud or collusion." GEICO v. Anikeyev, No. 14-cv-3775, 2016 WL 1275042, at *6 (E.D.N.Y. Mar. 31, 2016) (quoting Swarna v. Al-Awadi, 622 F.3d 123, 142 (2d Cir. 2010)). "[D]elay alone," however, "is not a sufficient basis for establishing prejudice." New York v. Green, 420 F.3d 99, 110 (2d Cir. 2005) (quotation marks and citation omitted).

As stated above, Defendants were only one month late in filing their Answer and promptly filed their motion to vacate the Clerk's entry of default within one week of being served with Plaintiff's motion for default judgment. Moreover, this case was only commenced less than five months ago and a discovery schedule has not yet been entered. Granting Defendants' motion to vacate the Clerk's entry of default will result in no discernible prejudice to Plaintiff. Accordingly, the Court finds that this factor weighs in favor of vacating the Clerk's entry of default as well.

RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that Defendants' cross-motion to vacate the Clerk's notation of default entered on March 14, 2023 be granted. As such, it is further recommended that, in light of such a finding, Plaintiff's motion for default judgment be denied. Finally, with respect to Defendants' request for a pre-motion conference in anticipation of moving to dismiss, this Court respectfully recommends that the application be denied, without prejudice to renewal once the District Court determines whether to adopt the instant Report and Recommendation.

OBJECTIONS

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of filing of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the District Judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision").

**SO ORDERED.**

Dated: Central Islip, New York
  June 8, 2023                                      /s/     Anne. Y. Shields
                                                    ANNE Y. SHIELDS
                                                    United States Magistrate Judge

9